**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

UNIVERSITY OF SOUTH FLORIDA
RESEARCH FOUNDATION, INC., and
UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

       Plaintiffs,

  v.

HOLOGIC, INC.,

       Defendant.

**C.A. No. 20-352-CFC**

## [PROPOSED] SCHEDULING ORDER

This _9th_ day of _February_ , 2023, the Court having conducted an initial Rule

16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties

having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration:

    IT IS ORDERED that:

  1. Relevant Deadlines and Dates. All relevant deadlines and dates

established by this Order are set forth in the chart attached as Exhibit A.

  2. Rule 26(a)(l) Initial Disclosures. The parties have previously made

their initial disclosures required by Federal Rule of Civil Procedure 26(a)(l) under

the prior Scheduling Order in this matter.

3.    <u>Disclosure of Asserted Claims and Infringement Contentions.</u>
Plaintiffs have previously served their "Disclosure of Asserted Claims and
Infringement Contentions" under the prior Scheduling Order in this matter.

4.    <u>Document Production Accompanying Disclosure of Asserted Claims
and Infringement Contentions.</u> Plaintiffs have previously produced Documents
with their "Disclosure of Asserted Claims and Infringement Contentions" under
the prior Scheduling Order in this matter.

5.    <u>Invalidity Contentions.</u> Defendant has previously served its
"Invalidity Contentions" under the prior Scheduling Order in this matter.

6.    <u>Document Production Accompanying Invalidity Contentions.</u>
Defendant has previously produced Documents "Invalidity Contentions" under
the prior Scheduling Order in this matter.

7.    <u>Amendment to Contentions.</u> Amendment of the Infringement
Contentions or the Invalidity Contentions may be made only by order of the Court
upon a timely showing of good cause. Non-exhaustive examples of circumstances
that may, absent undue prejudice to the non-moving party, support a finding of
good cause include (a) recent discovery of material prior art despite earlier diligent
search and (b) recent discovery of nonpublic information about the Accused
Instrumentality that was not discovered, despite diligent efforts, before the service
of the Infringement Contentions. The duty to supplement discovery responses does

2

not excuse the need to obtain leave of the Court to amend contentions.

8.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before February 23, 2023.

9.    <u>Discovery.</u>

(a)    <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before September 22, 2023.

(b)    <u>Document Production.</u> Document production shall be completed on or before June 21, 2023.

(c)    <u>Requests for Admission.</u> A maximum of 25 requests for admission is permitted for each side.

(d)    <u>Interrogatories.</u> A maximum of 25 interrogatories, including contention interrogatories, is permitted for each side.

(e)    <u>Depositions.</u>

(1)    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination.

(2)    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit

3

to a deposition at a place designated within this District. Exceptions
to this general rule may be made by order of the Court or by agreement
of the parties. A defendant who becomes a counterclaimant, cross-
claimant, or third-party plaintiff shall be considered as having filed an
action in this Court for the purpose of this provision.

10.    <u>Pinpoint Citations.</u> Pinpoint citations are required in all briefing,
letters, and concise statements of facts. The Court will ignore any assertions of
controverted facts and controverted legal principles not supported by a pinpoint
citation to, as applicable: the record, an attachment or exhibit, and/or case law or
appropriate legal authority. *See United States v. Dunkel, 921* F.2d 955, 956 (7th
Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.    <u>Application to Court for Protective Order.</u> Plaintiffs and Defendant
have previously agreed to a Joint Proposed Protective Order (D.I. 17), which the
Court entered as ordered on December 21, 2020.

12.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>. Should
counsel find that they are unable to resolve a dispute relating to a discovery matter
or protective order, the parties shall contact the Court's Case Manager to schedule
an in-person conference/argument.

(a)    Unless otherwise ordered, by no later than 72 hours prior to the
conference/argument, the party seeking relief shall file with the Court a

4

letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)     By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)     Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d)     If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13.     <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall

deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.   <u>Hard Copies.</u> The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other documents filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 20 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

(a)   <u>Exhibits and Attachments.</u> **<u>Each</u> <u>exhibit and attachment to a</u> <u>letter, brief, or pretrial order shall be separated by a tab.</u>** (Accordingly, each brief filed in connection with a motion *in limine* in a pretrial order must be separated by a tab.) Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

6

(b)    <u>Colors of Front Covers.</u> The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

(1)    Opening brief - Blue

(2)    Answering brief- Red

(3)    Reply brief - Gray

15.    <u>Claim Construction Issue Identification</u>. The parties previously exchanged on April 26, 2021 a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s). The parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than March 2, 2023. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to <u>cfc_civil@ded.uscourts.gov</u>. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text- searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall

file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.1. [ ])."

16.     Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on March 23, 2023. The Defendant shall serve, but not file, its answering brief, not to exceed 8,250 words, on April 13, 2023. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on May 4, 2023. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on May 18, 2023. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than May 25, 2023, the parties shall file a Joint Claim Construction Brief. (Should the parties later stipulate or otherwise request to have this deadline extended, the parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.) The parties shall copy and paste their

untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.     Agreed-upon Constructions

II.    Disputed Constructions

    A.     [TERM 1]

        1.     Plaintiffs Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiffs Reply Position
        4.     Defendant's Sur-Reply Position

    B.     [TERM2]

        1.     Plaintiffs Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiffs Reply Position
        4.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d

1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17.    Meet and Confer Confirmation and Amended Claim Chart. On or before June 1, 2023, Delaware and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute. During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms. The parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted. If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the parties need not file an Amended Joint Claim Construction Chart.

18.    Hearing on Claim Construction. Beginning at 9⁰⁰ a.m. on ~~June~~ September 20 __, 2023 the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served),

the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

19.    Disclosure of Expert Testimony.

(a)    Expert Reports. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 15, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 16, 2024. Reply expert reports from the party with the initial burden of proof are due on or before March 8, 2024. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before April 5, 2024.

(b)    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

20.    Case Dispositive and *Daubert* Motions.

(a)    <u>No Early Motions Without Leave.</u> All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before May 10, 2024. No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court. Responsive briefs for any motions under Rule 56 shall be due on or before May 31, 2024. Reply briefs for any motions under Rule 56 shall be due on or before June 14, 2024. Should the parties later stipulate or otherwise request to have the reply brief deadline extended, the parties will lose their trial date upon the Court's granting the extension, and no new trial date will be given until the dispositive motion(s) has(have) been decided.

(b)    <u>Motions to Be Filed Separately.</u> A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)    <u>Word Limits.</u> Each party is permitted to file as many case dispositive motions as desired, provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition

to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief

(d)     Ranking of Summary Judgment Motions. A party that files more than one summary judgment motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further summary judgment motions filed by the party.

(e)    <u>Ranking of *Daubert* Motions.</u> A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's *Daubert* motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further *Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

(f)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1] A party must submit a separate concise statement of facts for each summary

---

[1] The party must detail each material/act in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

judgment motion. Any party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated.

(g)    <u>Focus of the Concise Statement.</u> When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party

determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire transcript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(h)    <u>Word Limits for Concise Statement.</u> The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(i)    <u>Affidavits and Declarations.</u> Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(j)    <u>Scope of Judicial Review.</u> When resolving motions for summary judgment, the Court shall have no independent duty to search and

16

consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

21.    <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

22.    <u>Pretrial Conference</u>. On ~~September~~ November 7 , 2024, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at _3:00_ _p_.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on _October 17, 2024_ [21 ~~days before the pretrial conference~~]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

23.    <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial

order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, for the moving parties, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

24.    <u>Compendium of Cases.</u> A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically

with the Court. Compendiums shall comply with paragraph 14 of this Order.

25.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on _October 17, 2024_ [21 days before the pretrial conference]. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

26.    <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 8:30 a.m. on ___December 2, 2024___ with the subsequent trial days beginning at 8:30 a.m. ~~Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.~~ The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

27.    <u>Willfulness and Damages.</u> Unless otherwise agreed to by the parties and the Court, the trial will be phased such that the issues of willful infringement and damages will be tried only if there is a finding of infringement.


The Honorable Colm F. Connolly
United States District Court Judge

**EXHIBIT A**

| EVENT | PROPOSED DATE |
|---|---|
| Rule 26(a)( I) Initial Disclosures | Completed |
| Application to Court for Protective Order | Completed |
| Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions | Completed |
| Defendant's Invalidity Contentions | Completed |
| Exchange of Claim Terms to be Construed | Completed |
| Joinder of Other Parties and Amendment of Pleadings | February 23, 2023 |
| Joint Claim Construction Chart | March 2, 2023 |
| Plaintiffs' Opening Claim Construction Brief | March 23, 2023 |
| Defendant Answering Claim Construction Brief | April 13, 2023 |
| Plaintiff Reply Claim Construction Brief | May 4, 2023 |
| Sur-reply Claim Construction Brief | May 18, 2023 |
| Parties file a Joint Claim Construction Brief | May 25, 2023 |
| Meet and Confer Confirmation and Amended Claim Chart | June 1, 2023 |
| Hearing on Claim Construction | ~~June ___, 2023~~ September 20, 2023 |
| Document Production Completed | June 21, 2023 |
| Discovery Cut Off | September 22, 2023 |
| Expert Report of Party with Initial Burden of Proof on the Subject Matter | December 15, 2023 |

| EVENT | PROPOSED DATE |
|---|---|
| Rebuttal Expert Report | February 16, 2024 |
| Reply Expert Report | March 8, 2024 |
| Expert Depositions Completed | April 5, 2024 |
| Deadline to file Opening Case Dispositive Motions (including *Daubert*) | May 10, 2024 |
| Responsive Case Dispositive Motions (including *Daubert*) | May 31, 2024 |
| Reply Case Dispositive Motions (including *Daubert*) | June 14, 2024 |
| Joint Proposed Final Pretrial Order | ~~(due 21 days before Pretrial Conference)~~ *Oct. 17, 2024* |
| Jury Instructions, Voir Dire, and Special Verdict Forms | ~~(due 21 days before Pretrial Conference)~~ *Oct. 17, 2024* |
| Pretrial Conference | ~~September ___, 2024~~ *November 7, 2024* |
| Trial | ~~October ___, 2024~~ *December 2, 2024* |