# Exhibit 11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF SOUTH FLORIDA RESEARCH FOUNDATION, INC., and UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>HOLOGIC, INC.,<br><br>Defendant. | C.A. No. 20-352-CFC |

**UNIVERSITY OF SOUTH FLORIDA RESEARCH FOUNDATION, INC. AND UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES' RESPONSES AND OBJECTIONS TO HOLOGIC, INC.'S FIRST SET OF INTERROGATORIES (Nos. 1-13)**

Pursuant to Federal Rules of Civil Procedure Rules 26, 33, and Local Rule 26.1, Plaintiffs University of South Florida Research Foundation, Inc. and University of Florida Board of Trustees ("Plaintiffs"), by and through their counsel, hereby respond to Defendant Hologic, Inc.'s ("Hologic") First Set of Interrogatories (Nos. 1-13) as follows:

## RESERVATION OF RIGHTS

Any response or production of documents or information by Plaintiffs, in response to Hologic's First Set of Interrogatories and First Set of Requests for Production, will be subject to Plaintiffs' right to object to the admission into evidence of any and all such information on the grounds that they, or any of them, are irrelevant to the issues in this action or otherwise inadmissible. The responses and objections herein are based upon Plaintiffs' present knowledge, information, and

1

belief, as derived from (a) the knowledge and information of present employees gained in their capacity as such and (b) review of files maintained by Plaintiffs which would be likely to contain the information called for by Hologic's First Set of Interrogatories. The responses and objections are subject to amendment as and if Plaintiffs acquire additional information and completes its review and analysis of the case.

## **GENERAL OBJECTIONS**

1. Plaintiffs object to Hologic's Interrogatories because they exceed the 25-interrogatory limitations set forth in the Federal Rules of Civil Procedure and the Scheduling Order (ECF No. 13). While Hologic's Interrogatories identify 13 requests, those Interrogatories contain numerous discrete subparts, resulting in a total exceeding the limitation. While Plaintiffs have responded to all 13 Interrogatories herein, Plaintiffs reserve the right to object to any additional interrogatories that may be served by Hologic in the future.

2. Plaintiffs object to the Interrogatories to the extent that they, including any instructions or definitions, seek information subject to the attorney-client, work product, or other privileges or protections. Plaintiffs do not waive, but rather preserve, all such privileges and protections.

3. Plaintiffs object to the Interrogatories, including any instructions or definitions, to the extent that they call for Plaintiffs to undertake any action not required by the Federal Rules of Civil Procedure or seek information outside of Plaintiffs' possession, custody, or control.

4.	Plaintiffs object to the Interrogatories, including any instructions or definitions, to the extent they require Plaintiffs to (i) create documents or other materials not already in existence or (ii) conduct any new investigation.

5.	Plaintiffs objects to the Interrogatories, including any instructions or definitions, to the extent that they seek information already in the possession, custody, or control of Hologic on the grounds that it would be unduly burdensome to require such a response.

6.	Plaintiffs object to these Interrogatories, including any instructions or definitions, to the extent that they contain no temporal or geographic limitation or seek information which is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

7.	Plaintiffs object to Definition No. 1 as overly broad.  USFRF is an acronym for the University of South Florida Research Foundation, Inc., which is a research and development laboratory associated with the University of South Florida and has numerous projects and persons without any context or knowledge of the patent or issues in this case.  Plaintiffs will only respond reasonably within the parameters of discovery obligations contained in the Federal Rules and Rules of this Court when responding to any questions concerning "USFRF," "Plaintiff(s)," or "You."

Plaintiffs' response to any of the individual Interrogatories shall be subject to, and without waiver of, these General Objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Asserted Claim, describe in detail all facts and circumstances relating to the development of the claimed subject matter, including, for example, the date on which the claimed invention was conceived and the date on which the claimed invention was reduced to practice, both actual and constructive, facts and circumstances relating to the conception and reduction to practice of each such claimed invention, the individuals involved, and any diligence between any asserted date of conception and the respective reduction to practice.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 1 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege.

Subject to and without waiving the foregoing, as presently advised, the conception of the inventions in all of the claims took place in or about 1991. The date of the earliest document found to date relating to such conception is in November 1991, which has been produced at USF_0000001. The primary persons involved include, without limitation, Dr. Maria Kallergi, Dr. Laurence P. Clarke, Himanshu Gohel, and Michael Vossberg. Drs. Kallergi and Clarke were the main inventors, with the other two named inventors contributing to the invention at various times primarily in the software area.

In 1991, Dr. Kallergi and a group of researchers performed work on the development of digital mammography databases, including the development of algorithms for the automated detection of calcifications and masses. That development required the digitization of mammograms and specific digitization procedures. A company, Mindax, produced the group's first digitized mammograms at low resolution. Wei Qian, who worked initially in nuclear medicine, was a member of the research group and performed work in computer-aided detection (CADx) software development. The team ultimately included programmers and engineers.

In 1992 and continuing into 1993, Dr. Clarke collaborated with USF's Computer Science and Electrical Engineering Department for the purpose of digital mammography. The group first developed a free public database of mammograms that were offered to researchers working in the field of CAD; there was a special session to promote CAD development in the SPIE/SPSE Symposium on Electronic Imaging (February 1993). The research group also collaborated with companies working on digital detectors, defining requirements and characteristics for using those detectors for direct digital mammography. By mid-1992, Dr. Kallergi developed a database of 300 digitized mammograms. During 1992, Dr. Kallergi worked on a number of projects in this area, including the development of demonstrative interfaces to demonstrate the group's work on medical imaging. Dr. Kallergi also sought funding to continue to explore the development of the invention.

In 1993, Dr. Kallergi continued her research and evaluation of, among other things, computer monitors for displaying high resolution digitized mammograms, including resubmission of a digital mammography proposal. The resubmission contained a more specific description of the display interface. Through the end of 1993, Dr. Kallergi continued to assess display interface issues in more detail, including for proper scaling of digitized mammograms, proper display of CAD algorithms, proper combinations of images for review, and processing times. Mr. Gohel was involved in those developments.

During 1994, the group, including primarily Dr. Kallergi, evaluated various scanners and recommended digitization procedures for optimum display. The group continued to evaluate enhancement methods using workstation-user interfaces.

The group continued their work from 1995 through 1997, including significant work on a display to be used for digital mammography in general and unifying the group's prior tools. The group continued to develop the diagnostic workstation interface and ultimately presented the SPIE Article.

As presently advised, actual reduction to practice took place on or about March 1997 and not later than June 1997. Constructive reduction to practice took place at the time of the filing of the provisional application on February 20, 1998. As further described in the documents referenced by bates-numbers below, the inventors of the Asserted Patent were reasonably and continuously diligent for the entire period of conception to reduction to practice.

Answering further, pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to documents bates-labeled USF_0000001 – USF0000854, USF0000858 – USF_0005681, USF_0006272 – USF_0006272, USF_0006548 – USF0006663, USF_0006894 – USF0006901, USF_0007115 – USF_0007132, and USF_0007216 – USF_0011634.

**INTERROGATORY NO. 2:**

For each Asserted Claim, identify each person with knowledge of the conception or reduction to practice of the claimed invention, including the nature of each person's participation in, involvement, and/or contribution to such conception and/or reduction to practice.

**RESPONSE:**

Plaintiffs incorporate their objections and responses to Interrogatory No. 1 as if fully set forth herein.

5

**INTERROGATORY NO. 3:**

For each Asserted Claim, identify all documents and things relating to the development of the claimed subject matter, including any documents and things (by document production numbers) that you contend corroborates conception, diligence, reduction to practice, or the contribution of any person to the development of the claimed subject matter.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 3 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege.

Subject to and without waiving the foregoing, as presently advised, and pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to documents bates-labeled USF_0000001 – USF0000854, USF0000858 – USF_0005681, USF_0006272 – USF_0006272, USF_0006548 – USF0006663, USF_0006894 – USF0006901, USF_0007115 – USF_0007132, and USF_0007216 – USF_0011634.

**INTERROGATORY NO. 4:**

Identify all products (by product name, model number, and any other identifying indicia), including all licensed or accused products, that you contend embody (or embodied) any invention claimed in the Asserted Patent; the claim(s) which you contend such product(s) embody (or embodied); and describe how each such product embodies (or embodied) each identified claim.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 4 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege.

Subject to and without waiving the foregoing objections, the identity of products which embody the claims of the '937 Patent are at least the accused products currently involved in this Lawsuit and the Related Actions. Answering further, and pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to documents bates-labeled USF_0006902 – USF_0007001, USF_0007028 – USF_0007032, USF_0007097 – USF0007114, USF_0007133 – USF_0007215, USF_0011635 – USF_0012230, and USF_0012231 – USF_0012336.

Whether there are products or systems of other companies, including Hologic, which Plaintiffs may believe infringe the '937 Patent is protected by the attorney work product doctrine and attorney-client privilege and will not be disclosed or identified further.

As to how each element of each claim of the '937 Patent is present in products of Hologic

6

or the Defendants in the Related Actions, to the extent not privileged, that information has been disclosed in this Lawsuit and in the Related Actions, subject to Plaintiffs' right to provide further information when and as required.

**INTERROGATORY NO. 5:**

For each product identified in Interrogatory No. 4, identify when the product was first offered for sale, first sold, first publicly used, first publicly disclosed, first disclosed to anyone, first tested, first imported, and first manufactured, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 5 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further objection to Interrogatory No. 5 to the extent that the information requested is not in Plaintiffs' custody, possession, and/or control.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to the disclosures in this Lawsuit and the Related Actions. Plaintiffs reserve the right to amend this Response as discovery continues.

**INTERROGATORY NO. 6:**

Identify all negotiations or communications related to licensing any aspect of the Asserted Patent (or Related Patents), whether or not such negotiations or communications concluded in a license, including identification of any license, settlement or other agreement relating to the ownership or licensing of the Asserted Patent, the dates of such negotiations or communications, all persons and entities involved in such negotiations and communications, the proposed terms and duration, the amounts of any royalties or other payments exchanged, and any other documents relating to the foregoing.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 6 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further objection to Interrogatory No. 6 to the extent that the information requested is not in Plaintiffs' custody, possession, and/or control.

Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to documents bates-labeled USF_0006902 – USF_0007001, USF_0007028 – USF_0007032, USF_0007097 – USF0007114, and USF_0007133 – USF_0007215.

**INTERROGATORY NO. 7:**

Describe in detail all legal and factual bases to support any contention that USFRF or any of its predecessors-in-interest to the Patents-in-Suit complied with 35 U.S.C. § 287 by marking any product or device sold or offered for sale by or under the authority of USFRF or any of its predecessors-in-interest, or by any other means, including, for each contention, identification of the patent number, patented article, entity, and any evidence of the alleged marking.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 7 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further objection to Interrogatory No. 7 to the extent that the information requested is not in Plaintiffs' custody, possession, and/or control.

Subject to and without waiving the foregoing objections, Plaintiffs state that any licensees had a duty to mark any such products, if any such products were ever manufactured, used or sold. Answering further, pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to documents bates-labeled USF_0006867 – USF_0006888, and USF_0007199 – USF_0007215.

**INTERROGATORY NO. 8:**

Describe in detail your investigation of the alleged infringement by Hologic, including the date you first became aware of any Accused Instrumentality; any research, analysis, or investigation you conducted on any Accused Instrumentality; the date you first anticipated litigation to enforce the Patent-in-Suit against Hologic; identification of persons with knowledge of the foregoing; and identification of all documents related to the foregoing.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 8 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege.

Subject to and without waiving the foregoing objections, Plaintiffs state that they are continuing to investigate, but became aware of Hologic's infringement at least as early as 2017. Plaintiffs conducted a review of Hologic's documents publicly provided on the internet; any documents, opinions, and conclusions resulting from the that review and investigation are protected either by the attorney's work product or attorney-client privilege and will not be produced.

**INTERROGATORY NO. 9:**

For each Asserted Claim, describe in detail all facts upon which You intend to rely to support any secondary indicia, secondary considerations, or objective evidence of alleged non- obviousness (e.g., commercial success, long-felt need, failure of others, unexpected results, expression of skepticism or disbelief, copying, etc.), including any alleged nexus between the secondary

8

considerations and the claimed invention, and identify each person with knowledge of the foregoing and all documents and things referring or relating to the foregoing.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 9 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further objection to Interrogatory No. 9 to the extent that the information requested is not in Plaintiffs' custody, possession, and/or control. Plaintiffs further object to Interrogatory No. 9 for the reason that Hologic bears the burden of demonstrating a *prima facie* case of obviousness. Absent such a showing, Interrogatory No. 9 is premature.

Subject to and without waiving the foregoing objections, Plaintiffs answer that there are significant secondary considerations and objective evidence of non-obviousness with respect to the '937 Patent, including that all of the Defendants in this Lawsuit and the Related Actions are using the invention and infringing the '937 Patent, have publicly touted the benefits and advantages of the accused products, and have enjoyed sales and commercial success. Persons with knowledge of these facts are the Officers and relevant personnel of each of the Defendants in this Lawsuit and the Related Actions. Plaintiffs reserve the right to amend and supplement this Response as discovery continues.

**INTERROGATORY NO. 10:**

Beginning with the date of conception, describe in detail the circumstances concerning all attempted or completed transfers of ownership, interest (e.g., a revenue share, non-assertion right, security interest, rights to enforce actions for infringement, rights to collect damages from infringers) or assignment of any rights to any invention claimed in the Asserted Patent, including but not limited to the date of the transfer, any consideration suggested, offered, or given for the transfer, the persons or entities involved, and all agreements and other Documents reflecting or relating to such rights (identified by production number), and including any such transfers to you or from you, as well as any such transfers involving other persons or entities.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 10 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege.

Subject to and without waiving the foregoing objections, pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to the documents bates-labeled USF_0006639 – USF_0006648 USF_0006664 – USF_0006866, and USF_0007033 – USF0007041. Answering further, Plaintiffs direct Hologic to Plaintiffs' briefing filed in *Univ. of S. Fl. Research Foundation, Inc. v. Fujifilm Med. Sys. USA, Inc.*, D. Conn. Case No. 3:18-cv-00215-AVC, including ECF Nos. 236, 239, and 254.

9

**INTERROGATORY NO. 11:**

For each Asserted Claim, describe in detail all facts and circumstances relating to the first written description, public use, public disclosure, offer for sale, and/or disclosure to another of the claimed invention, including, without limitation, the identity of the persons or entities involved in each such event, the date on which each such event occurred, and the identity of relevant documents and things referring or relating thereto.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 1 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further objection to Interrogatory No. 11 to the extent that the information requested is not in Plaintiffs' custody, possession, and/or control.

Subject to and without waiving the foregoing objections, as presently advised, pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs refer Hologic to USF_0005495 – USF_0005540. Plaintiffs reserve the right to amend this Response.

**INTERROGATORY NO. 12:**

Describe in detail the legal and factual bases for any damages assessment (e.g., the damages claimed in the Complaint) that you claim as a result of the alleged infringement by Defendant of the Asserted Patent. A complete response should, by way of example and not limitation, state the dates on which you believe any such damages should begin for each claim of infringement; your theory of damages; your calculation and amount of damages; if your damages assessment includes any apportionment and if so, what is the basis for the apportionment contemplated; your contention as to the date(s) and parties to the hypothetical negotiation and any factors supporting or refuting your damages claim under *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); identification of each person having knowledge of those facts; and identification of each document that supports your contention.

**RESPONSE:**

In addition to the General Objections, Plaintiffs object to Interrogatory No. 11 to the extent that it calls for information protected from disclosure by the attorney-client, work product, or other applicable privilege. Plaintiffs further object to Interrogatory No. 12 to the extent that it is premature and Plaintiffs' damages will be the subject of expert testimony.

Subject to and without waiving the foregoing, Plaintiffs do not manufacture or sell a product covered by the '937 Patent, and thus damages may be based only upon a reasonable royalty under 35 U.S.C. § 284. However, Plaintiffs reserve the right to amend and/or supplement this Response as discovery continues.

**INTERROGATORY NO. 13:**

Describe in detail the "beta-test group" referenced in article, "A workstation interface for ROC studies in digital mammography," by Gohel, Himanshu, Kallergi, Maria, Vossberg, Michal, Gavrielides, Marios, Clarke, Laurence, et al., SPIE vol. 3031, pp. 440-47 (May 7, 1997) ("The SPIE Article"), including, the identity of the "beta-test group" and/or "evaluators" alluded to, the activities performed by such evaluators and/or beta-test group relating to the subject matter of the SPIE Article, and a full list of "bugs" identified by such evaluators and/or beta-test group.

**RESPONSE:**

The "beta-test group" included three radiologists and a group of researchers associated with Plaintiffs. As set forth in the SPIE Article, the purpose of the beta-test group was to provide a diverse range of users in order to provide broader feedback and detect bug during the developmental phase. The evaluations referred to in the SPIE Article were carried out by three radiologists who were researchers that were employed by the University of South Florida and worked at the Research Department at the University of South Florida. Their identity is presently unknown. As presently advised, the evaluations took place in or about March 1997. The SPIE Article itself sets forth the details of the system that was evaluated. Accordingly, pursuant to Fed. R. Civ. P. 33(d)(1), Plaintiffs direct Hologic to USF_0005469 – 0005476. Further details are unavailable. All of the scientists and researchers working at the University of South Florida on technical projects, such as this matter, worked and operated under conditions of confidentiality and nondisclosure, and this included the three radiologists, the inventors of the '937 Patent, Marios Gavrielides, and Jerry Thomas.

Dated: April 5, 2021

                                                Respectfully Submitted,

                                                By: */s/ Ariana D. Pellegrino*

                                                      Geoffrey G. Grivner (#4711)
                                                      BUCHANAN INGERSOLL & ROONEY PC
                                                      919 North Market Street, Suite 990
                                                      Wilmington, DE 19801-3036
                                                      Telephone (302) 522-4200
                                                      Facsimile: (302) 522-4295
                                                      Email: geoffrey.grivner@bipc.com

                                                      John S. Artz
                                                      DICKINSON WRIGHT PLLC
                                                      350 S. Main St, Suite 300
                                                      Ann Arbor, MI 48104
                                                      jsartz@dickinsonwright.com

    11

       Steven A. Caloiaro
       DICKINSON WRIGHT PLLC
100 W. Liberty Street
       Suite 940
       Reno, NV 89523
       Telephone (775) 343-7506
       Facsimile: (844) 670-6009
       Email: scaloiaro@dickinsonwright.com

Ariana D. Pellegrino
Yafeez S. Fatabhoy
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
APellegrino@dickinson-wright.com
yfatabhoy@dickinson-wright.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2021, a copy of the above and foregoing document has been served by email upon the following attorneys of record:

Pilar G. Kraman
pkraman@ycst.com

Dara M. Kurlancheek
dkurlancheek@kslaw.com

Abby L. Parsons
aparsons@kslaw.com

Brent P. Ray
bray@kslaw.com

Lida Ramsey
lramsey@kslaw.com

_____
Melinda Poehlmann, an employee of
Dickinson Wright PLLC